UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Ben Gary Treistman,

                                                *Plaintiff*,

                            16-CV-1403

          -against-

                            GLS/CFH

Anthony McGinty, *et al.*,

                                               *Defendants*.

---

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

                                      ERIC T. SCHNEIDERMAN
                                      Attorney General of the State of New York
                                      Attorney for Defendants the Honorable Anthony
                                          McGinty, the New York Family Court
                                          System, and Donna Weiner
                                      The Capitol
                                      Albany, New York  12224-0341

Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone:  518-776-2583
Fax:  518-915-7738 (Not for service of papers)                 Date:  February 3, 2017

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTS AND PROCEDURAL HISTORY……………………………………………………….2

ARGUMENT…………………………………………………………………………………...3

    Standard…………………………………………………………………………………...3

    POINT I…………………………………………………………………………………...4

        THE COMPLAINT MUST BE DISMISSED BASED ON THE DOMESTIC
        RELATIONS EXCEPTION TO FEDERAL COURT JURISDICTION…………4

    POINT II…………………………………………………………………………………..5

        THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT
        MATTER JURISDICTION BASED ON THE *ROOKER-FELDMAN*
        DOCTRINE.  IN THE ALTERNATIVE, THE COURT SHOULD ABSTAIN
        FROM EXERCISING JURISDICTION……………………………………………5

    POINT III………………………………………………………………………………….7

        DEFENDANT JUDGE McGINTY AND DEFENDANT WEINER ARE
        ENTITLED TO JUDICIAL IMMUNITY…………………………………………...7

    POINT IV……………………………………………………………………………….9

        PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH
        AMENDMENT…………………………………………………………………9

    POINT V……………………………………………………………………………11

        PLAINTIFF'S CLAIMS UNDER THE FIFTH AMENDMENT MUST
        BE DISMISSED……………………………………………………………11

POINT VI……………………………………………………………………………..11

    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN
    BE GRANTED…………………………………………………………………..11

POINT VII…………………………………………………………………………….14

    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE
    TO AMEND…………………………………………………………………….14

    CONCLUSION………………………………………………………………….14

## PRELIMINARY STATEMENT

Plaintiff pro se Ben Gary Treistman, also known as Ben Gary Triestman, commenced this civil rights action against Family Court Judge Anthony McGinty, Donna Weiner (Judge McGinty's secretary and courtroom clerk), and the "New York Family Court System" alleging that Plaintiff's child custody hearing in Ulster County Family Court took too long to complete.[1] Although framed as a civil rights action, the present federal action is simply an improper attempt by Plaintiff to collaterally attack Ulster County Family Court's determinations as to child custody—a matter traditionally reserved to the state courts and implicating important state interests—in a different judicial forum.

Defendants Judge McGinty, Donna Weiner, and the New York Family Court System move pursuant to Rule 12(b)(1) and Rule 12(b)(6) and of the Federal Rules of Civil Procedure for an order dismissing Plaintiff's Complaint in its entirety and with prejudice. First, the Court lacks jurisdiction to decide this domestic relations matter. Second, dismissal is required based on the *Rooker-Feldman* doctrine or, in the alternative, the *Younger* abstention doctrine. Third, Judge McGinty and Donna Weiner are entitled to judicial immunity. Fourth, Plaintiff's claims are barred by the Eleventh Amendment. Fifth, Plaintiff's Fifth Amendment claims must be dismissed because the Fifth Amendment applies only to federal, not state, actors. Sixth, Plaintiff's Complaint

---

[1] Plaintiff also lists "other Unknown Named Trial Date Scheduling Clerks" as defendants in the caption of his Complaint. Dkt. No. 1 at 1. However, Plaintiff neither served those individuals nor amended his Complaint to name those individuals as defendants. In any event, the claims against those defendants would be subject to dismissal for the same reasons set forth in this memorandum of law.

1

fails to state a claim to relief that is plausible on its face.  Seventh, Plaintiff's Complaint should be dismissed with prejudice because repleading would be futile.

**FACTS AND PROCEDURAL HISTORY**

In November 2016, Plaintiff commenced this action purporting to assert claims under 42 U.S.C. §§ 1981, 1983, and 1985(3). Dkt. No. 1.  Plaintiff alleges that his rights were violated in connection with a child custody hearing at Ulster County Family Court concerning his minor child.  *Id*. at 3-4.[2]  In particular, Plaintiff alleges that Judge McGinty, the Family Court judge who presided over the custody hearing, violated 22 N.Y.C.R.R. § 205.14 by allowing the custody hearing to last longer than 90 days.  *Id*.[3]  Plaintiff also alleges in conclusory fashion that Ulster County Family Court unfairly favored the mother's position, denied him contact with the child, and "inculcate[d] false and denigratory messages, allegations and characterizations into the child's mind and beliefs …." *Id.* at 4-5.  Plaintiff demands monetary damages as well as declaratory and injunctive relief.  *Id*. at 10-11.

In its Order of Custody and Visitation, dated May 9, 2016, Ulster County Family Court rendered certain determinations concerning custody and visitation.  *See* Exhibit A to Mitchell Attorney Declaration.  Among other things, Ulster County Family Court denied Plaintiff's petition seeking custody.  *See id.*  It appears that Plaintiff is pursuing an appeal to the Appellate Division. *See* Notice of Appeal, Exhibit A to Mitchell Attorney Declaration.

This Court granted extensions of time until February 3, 2017 for Defendants Judge McGinty, Donna Weiner, and the New York Family Court System to respond to Plaintiff's

---

[2] Plaintiff's custody litigation at Ulster County Family Court, which included the issuance of multiple orders of protection against Plaintiff, is also discussed in *Triestman v. Schneiderman*, No. 1:16-CV-1079, 2016 WL 6110489, at *1-2 (N.D.N.Y. Sept. 20, 2016), *adopted*, 2016 WL 6106467 (N.D.N.Y. Oct. 19, 2016).

[3] 22 N.Y.C.R.R. § 205.14, which is part of the New York State Uniform Rules for the Family Court, provides that "[i]n any proceeding brought pursuant to section 467, 651 or 652 of the Family Court Act to determine temporary or permanent custody or visitation, once a hearing or trial is commenced, it shall proceed to conclusion within 90 days."

Complaint.  Dkt. Nos. 8, 15.  Those Defendants now move to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

### Standard

Under Rule 12(b)(6), to survive a motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss."  *Achtman v. Kirby, McInerney & Squire*, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (internal quotation marks and some alterations omitted).

When a defendant moves to dismiss for lack of subject matter jurisdiction, however, a different standard is applied.  "In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), federal courts need not accept as true contested jurisdictional allegations."  *Sloan v. Truong*, 573 F. Supp. 2d 823, 827 (S.D.N.Y. 2008) (internal quotation marks omitted).  Rather, a court may resolve disputed jurisdictional facts by referring to evidence outside of the pleadings.  *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).  As the party "seeking to invoke the subject matter jurisdiction

of the district court," Plaintiff bears the burden of demonstrating subject matter jurisdiction. *Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir. 1996).

Here, the Court lacks subject matter jurisdiction over Plaintiff's claims and, moreover, Plaintiff fails to state a claim upon which relief can be granted.

## POINT I

### THE COMPLAINT MUST BE DISMISSED BASED ON THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL COURT JURISDICTION

"'The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (internal alteration omitted) (quoting *In re Burrus*, 136 U.S. 586, 593-594 (1890)). As observed by United States Magistrate Judge David E. Peebles in another case brought by Plaintiff, "[t]his deference to state law has given rise to a recognized 'domestic relations' exception, which deprives federal courts of the power to review, for example, child custody, divorce, alimony, and child custody decrees. District courts in this circuit have extended the exception to civil rights actions challenging the results of domestic relations proceedings." *Triestman v. Schneiderman*, 2016 WL 6110489, at *4 (internal citation omitted) (dismissing Plaintiff's habeas corpus proceeding challenging orders of protection issued by Ulster County Family Court).[4]

The present civil rights action, which challenges a child custody hearing and resulting custody order issued by Ulster County Family Court, falls squarely within the domestic relations exception to federal court jurisdiction. Contrary to Plaintiff's view, he "cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages." *Schottel v. Kutyba*, No. 06-1577-CV, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009). Accordingly,

---

[4] Copies of the unreported decisions cited in this memorandum of law are provided to Plaintiff.

4

Plaintiff's Complaint must be dismissed with prejudice due to lack of subject matter jurisdiction. *See Mitchell-Angel v. Cronin*, 101 F.3d 108 (2d Cir. 1996), *cert. denied*, 519 U.S. 897; *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 353-354 (E.D.N.Y. 2014); *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004).

## POINT II

### THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON THE *ROOKER-FELDMAN* DOCTRINE.  IN THE ALTERNATIVE, THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION

#### *Rooker-Feldman*

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments."  *Vossbrink v. Accredited Home Lenders, Inc*. 773 F.3d 423, 426 (2d Cir. 2014).  "The *Rooker-Feldman* doctrine is applied if '(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of the judgment; and (4) the state judgment was rendered before the district court proceedings commenced.'"  *Neroni v. Zayas*, No. 15-2030, 2016 WL 5539980, at *1 (2d Cir. Sept. 29, 2016) (quoting *Vossbrink*, 773 F.3d at 426).

Where plaintiff's "constitutional claims effectively require review of state court decisions" they are likewise barred by the *Rooker-Feldman* doctrine. *McKeown v. New York State Comm'n on Judicial Conduct*, 377 Fed. App'x 121, 123 (2d Cir. 2010).  "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action."  *Rabinowitz*, 329 F. Supp. 2d at 376 (E.D.N.Y. 2004) (internal quotation marks omitted).

All of the elements of the *Rooker-Feldman* doctrine are satisfied in this case.  First, Plaintiff was unsuccessful in state court inasmuch as Ulster County Family Court denied his petition

5

seeking custody following a fact-finding hearing at which Plaintiff appeared and was represented by counsel. *See* Exhibit A to Mitchell Attorney Declaration. Second, Plaintiff complains of injuries caused by the Family Court proceeding. Dkt. No. 1 at 9. Third, this action invites review of Ulster County Family Court's hearing and decision regarding child custody and visitation. Fourth, Ulster County Family Court's May 2016 Order of Custody and Visitation was rendered before Plaintiff commenced the instant federal action in November 2016. Accordingly, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. *See Triestman v. Schneiderman*, 2016 WL 6110489, at *3 (determining that the *Rooker-Feldman* doctrine precluded Plaintiff's proposed § 1983 claim challenging Ulster County Family Court's custody proceeding); *see also Remy v. New York State Dep't of Taxation & Fin.*, 507 Fed. App'x 16, 18-19 (2d Cir. 2013); *Stein v. City of N.Y.*, 24 Fed. App'x 68, 69 (2d Cir. 2001); *Rabinowitz*, 329 F. Supp. 2d at 377; *Elmasri v. England*, 111 F. Supp. 2d 212, 218-220 (E.D.N.Y. 2000).[5]

### *Younger* **Abstention**

In the alternative, to the extent that the Family Court custody proceeding at issue can be deemed ongoing due to Plaintiff's apparent appeal from the Family Court's May 2016 Order of Custody and Visitation, this Court should abstain from exercising jurisdiction over Plaintiff's claims pursuant to the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to that doctrine, federal courts should abstain "from interfering with pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform

---

[5] The present motion to dismiss is also supported by the doctrine of collateral estoppel (issue preclusion). Collateral estoppel applies if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995). In his Complaint, Plaintiff asserts that 22 N.Y.C.R.R. § 205.14 was raised as an issue by his counsel in the Family Court proceeding and that the issue was decided against him. Dkt. No. 1 at p. 4, ¶¶ 13-14.

their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (internal quotation marks and alteration omitted).

Here, the Family Court custody proceeding at issue implicates "the important, traditional state interest of family relations." *Alleyne v. City of N.Y.*, 225 F. Supp. 2d 391, 394 (S.D.N.Y. 2002); *see generally Elk Grove Unified Sch. Dist.*, 542 U.S. at 12-13. In addition, Plaintiff's contentions regarding the length of his custody hearing and alleged bias on the part of the Family Court judge are addressable by the state appellate process. *See Kaufman v. Kaye*, 466 F.3d 83, 87 (2d Cir. 2006), *cert. denied*, 549 U.S. 1280 (2007). Accordingly, Plaintiff's Complaint should be dismissed. *See Robertson v. Allen*, No. 1:15-CV-11, 2016 WL 205381, at *5 (N.D.N.Y. Jan. 15, 2016) (Sharpe, J.) (Court abstains under the *Younger* doctrine with respect to plaintiff's challenges to the Family Court's dispositional orders granting custody of the children); *Sobel*, 25 F. Supp. 3d at 354-355; *Neustein v. Orbach*, 732 F. Supp. 333, 341-342 (E.D.N.Y. 1990); *Thomas v. Beth Israel Hosp. Inc.*, 710 F. Supp. 935, 943 (S.D.N.Y. 1989).

## POINT III

### DEFENDANT JUDGE McGINTY AND DEFENDANT WEINER ARE ENTITLED TO JUDICIAL IMMUNITY

As explained by the Second Circuit,

> [i]t is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions. Such judicial immunity is conferred in order to insure that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Thus, even allegations of bad faith or malice cannot overcome judicial immunity. In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

*Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (some internal citations and quotation marks omitted). "[A]cts arising out of, or related to, individual cases before the judge are considered

7

judicial in nature." *Id*. at 210. "[A] judge is immune from all forms of suit unless he or she has acted either beyond the judge's judicial capacity, or in the complete absence of all jurisdiction." *Ajamian v. New York*, No. 1:13-CV-1316, 2014 WL 3928448, at *4 (N.D.N.Y. Aug. 11, 2014) (internal quotation marks omitted).

Here, Plaintiff does not dispute that Judge McGinty, as a Family Court judge, had jurisdiction over Plaintiff's custody proceeding. Rather, Plaintiff alleges that Judge McGinty was biased and failed to follow court rules while serving as the judge in Plaintiff's custody hearing. Judge McGinty is absolutely immune from liability as to Plaintiff's allegations and the Complaint must be dismissed. *See Robertson*, 2016 WL 205381, at *9 (holding that Judge McGinty is absolutely immune with respect to claims of bias and failure to correct violations during a family court proceeding).

Plaintiff asserts that the scheduling of hearing dates is a purely administrative function to which no immunity applies. Dkt. No. 1 at 3. Plaintiff is mistaken. "A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity." *Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997) (holding that court clerks were immune with respect to allegations that they took too long to schedule an appeal).

Defendant Donna Weiner, secretary and courtroom clerk to Judge McGinty, also is entitled to immunity. "Judicial immunity also extends to certain others who perform functions closely associated with the judicial process." *McKeown*, 377 Fed. App'x at 124 (internal quotation marks omitted). Notably, "[i]n this Circuit, law secretaries to state court judges benefit from quasi-judicial immunity." *Kashelkar v. MacCartney*, 79 F. Supp. 2d 370, 372 (S.D.N.Y. 1999) (citing *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir.1988)), *aff'd*, 234 F.3d 1262 (2d Cir. 2000)). As to

8

Defendant Weiner, Plaintiff merely alleges that she was involved in the scheduling of his custody hearing. Accordingly, Plaintiff's claims against Donna Weiner must be dismissed. *See Rodriguez*, 116 F.3d at 66-67.

Plaintiff's claims for injunctive relief also must be dismissed. "While absolute judicial immunity does not bar claims for prospective injunctive relief, such relief is not available under § 1983 absent an allegation of a violation of a prior declaratory decree or that declaratory relief was unavailable." *Bracci v. Becker*, No. 1:11-CV-1473, 2013 WL 123810, at *5 (N.D.N.Y. Jan. 9, 2013), *aff'd*, 568 Fed. App'x 13 (2d Cir. 2014). Here, Plaintiff does not allege that any Defendant violated a prior declaratory decree. Further, Plaintiff could have sought declaratory relief in state court, but he either failed to do so or his request was denied. *See Bracci*, 2013 WL 123810, at *6. Accordingly, his requests for injunctive relief should be dismissed. *See McKeown*, 377 Fed. App'x at 124; *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

## POINT IV

### PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

As the Second Circuit has recognized, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). Plaintiff concedes that Defendant "New York State Family Court System" is a part of the New York State Unified Court System. Dkt. No. 1 at 2; *see also* N.Y. Const. art. VI, § 1 (providing that the Unified Court System shall consist of various courts, including "the family court."). Accordingly, Plaintiff's claims against Defendant New York State Family Court System must be dismissed based on Eleventh Amendment immunity. *See Amaker v. The State of N.Y. Cty. of N.Y. Family Court*, No. 11-CV-4815, 2011 WL

9

4916702, at *2 (E.D.N.Y. Oct. 17, 2011) (dismissing plaintiff's claims against the New York Family Court based on Eleventh Amendment immunity).

In addition, "[t]o the extent that a state official is sued for damages in his [or her] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993). The Eleventh Amendment also bars retrospective injunctive or declaratory relief against state officials. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145-146 (1993); *Brown v. New York*, 975 F. Supp. 2d 209, 225-226 (N.D.N.Y. 2013). Family Court judges, officers, and employees are employees of the State of New York. *See* Judiciary Law § 39(1),(6).[6] Therefore, Judge McGinty and his secretary Donna Weiner are entitled to Eleventh Amendment immunity. *See Brown v. City of N.Y.*, 210 F. Supp. 2d 235, 237-238 (S.D.N.Y. 1999).

In sum, Plaintiff's claims under § 1981, § 1983, and § 1985 are barred by the Eleventh Amendment. *See Wang v. Office of Prof'l Med. Conduct, N.Y.*, 354 Fed. App'x 459, 460 (2d Cir.

---

[6] Judiciary Law § 39(6) provides, in pertinent part, that "all justices, judges, and nonjudicial officers and employees of the courts and court-related agencies of the unified court system set forth in subdivision one of this section shall be employees of the state of New York and the salaries, wages, hours and other terms and conditions of their employment shall be determined in accordance with the provisions of this section." Judiciary Law § 39(1) lists the following courts and court-related agencies:

> [T]he supreme court and appellate divisions and appellate terms thereof, county courts, <u>family courts</u>, surrogate's courts, civil court of the city of New York, criminal court of the city of New York, district courts, city courts, the county clerks' offices in the city of New York and those portions of the county clerks' offices outside the city of New York that perform services pursuant to the role of the county clerk as clerk of the court where the budgets of the political subdivisions separately identify those services, and commissioners of jurors and their staffs where separate from the county clerks, or, of not so separate, where the budgets of the political subdivisions separately identify that function.

(emphasis added).

2009); *Nguyen v. Milliken*, 104 F. Supp. 3d 224, 229 (E.D.N.Y. 2015); *Buckley v. New York*, 959 F. Supp. 2d 282, 294 (E.D.N.Y. 2013).

## POINT V

**PLAINTIFF'S CLAIMS UNDER THE FIFTH AMENDMENT MUST BE DISMISSED**

It is well settled that the Fifth Amendment applies only to federal, not state, actors. *See Snow v. Village of Chatham*, 84 F. Supp. 2d 322, 326-327 (N.D.N.Y. 2000) (citing *Brock v. North Carolina*, 344 U.S. 424, 426 (1953)). No federal officials are named as defendants in this action. Accordingly, Plaintiff's allegations premised on the Fifth Amendment must be dismissed.

## POINT VI

**PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

For the reasons discussed above, Plaintiff's claims should be dismissed based on lack of subject matter jurisdiction, judicial immunity, Eleventh Amendment immunity, and the absence of federal officials. In any event, Plaintiff's Complaint fails to state a claim to relief that is plausible on its face.

### § 1983

Plaintiff's principal contention is that Defendants violated his rights by failing to complete his custody hearing within 90 days in accordance with 22 N.Y.C.R.R. § 205.14. Contrary to Plaintiff's view, his allegations regarding 22 N.Y.C.R.R. § 205.14 do not support a federal civil rights claim. "In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person acting under color of state law deprived him of a federal right." *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986). It is well settled that only rights secured by the Constitution and federal laws are within the ambit of § 1983. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). Rights secured by the laws of the states fall outside that compass. *See Pollnow*

*v. Glennon*, 757 F.2d 496, 501 (2d Cir 1985). "Federal constitutional standards rather than state law define the requirements of procedural due process." *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 (2d Cir. 1990). "It is well-established that the violation of a state regulation is not cognizable under 42 U.S.C. § 1983." *Cole v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:14-CV-0539, 2016 WL 5394752, at *24 (N.D.N.Y. Aug. 25, 2016), *adopted*, 2016 WL 5374125 (N.D.N.Y. Sept. 26, 2016). "A violation of state law neither gives plaintiffs a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim." *Doe v. Connecticut Dep't of Child & Youth Services*, 911 F.2d 868, 869 (2d Cir. 1990) (internal quotations and alterations omitted).

Indeed, a violation of 22 N.Y.C.R.R. § 205.14 would not even support a cause of action under New York state law. As the Appellate Division has observed, 22 N.Y.C.R.R. § 205.14 does not provide "a remedy or penalty for failing to comply with time requirements." *Matter of Anderson v. Harris*, 73 A.D.3d 456, 458 (1st Dept. 2010).

In addition, Plaintiff asserts that Defendants were biased, "motivated to favor mothers over fathers," and failed to provide proper training and supervision. Dkt. No. 1 at 6-9. Plaintiff's allegations are entirely conclusory and unsupported by facts showing that Defendants violated his federal rights. Thus, Plaintiff fails to state a claim under § 1983. *See Banks v. Annucci*, 48 F. Supp. 3d 394, 419 (N.D.N.Y. 2014); *Vega v. Artus*, 610 F. Supp. 2d 185, 203 (N.D.N.Y. 2009).

**§ 1981**

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)."

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Plaintiff's Complaint does not reference his race or contain any allegations that Defendants' actions were motivated by racial discrimination. Accordingly, Plaintiff fails to state a claim under § 1981. *See Zavalidroga v. Oneida Cty. Sherif's Dep't*, No. 6:11-CV-277, 2012 WL 1068844, at *10 (N.D.N.Y. Mar. 29, 2012).

### **§ 1985**

To establish a cause of action for conspiracy to violate a plaintiff's civil rights under 42 U.S.C. § 1985(3),

> a plaintiff must allege and demonstrate that defendants acted with racial or other class-based animus in conspiring to deprive the plaintiff of his equal protection of the laws, or of equal privileges and immunities secured by law. A plaintiff asserting a claim under section 1985(3) need not necessarily offer proof of an explicit agreement; a conspiracy can be evidenced circumstantially, through a showing that the parties had a tacit understanding to carry out the prohibited conduct. This notwithstanding, in order to properly plead such a claim, a plaintiff must make more than conclusory, vague, or general allegations of conspiracy.

*Bracci*, 2013 WL 123810, at *27 (internal quotation marks and citations omitted). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff's conspiracy claim must be supported by more than "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997) (internal quotation marks omitted).

Here, Plaintiff fails to allege facts supporting a reasonable inference that Defendants conspired with each other based on racial or other class-based animus to deprive him of his constitutional rights. Accordingly, he fails to state a claim under § 1985. *See Bracci*, 2013 WL 123810, at *28.

In sum, Plaintiff fails to state a claim and his Complaint should be dismissed.

# POINT VII

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Although pro se plaintiffs are generally granted leave to amend at least once, where, as here, the problems with the plaintiff's causes of action are substantive, repleading would be futile and should be denied. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, inasmuch as Plaintiff's claims suffer from fatal substantive defects, repleading would be futile and Plaintiff's Complaint should be dismissed without leave to amend. *See Ajamian*, 2014 WL 3928448, at *7 (dismissing plaintiff's claims with prejudice where they were barred by Eleventh Amendment immunity, judicial immunity, and the *Rooker-Feldman* doctrine).

## CONCLUSION

For the reasons set forth above, the moving Defendants respectfully request an order granting their motion to dismiss the Complaint in its entirety and with prejudice.

Dated:  Albany, New York
        February 3, 2017

                                            ERIC T. SCHNEIDERMAN
                                            Attorney General of the State of New York
                                            Attorney for Defendants the Honorable Anthony
                                                 McGinty, the New York Family Court
                                                 System, and Donna Weiner
                                            The Capitol
                                            Albany, New York  12224-0341


                                           By: *s/ Mark G. Mitchell*
                                            Mark G. Mitchell
                                            Assistant Attorney General, of Counsel
                                            Bar Roll No. 516818
                                            Telephone:  518-776-2583
                                            Fax:  518-915-7738 (Not for service of papers)
                                            Email:  mark.mitchell@ag.ny.gov