**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BEN GARY TREISTMAN,**

                 **Plaintiff,**

                 v.

**ANTHONY MCGINTY et al.,**

                 **Defendants.**
_____

                 **1:16-cv-1403
(GLS/CFH)**

## SUMMARY ORDER

     Plaintiff *pro se* Ben Gary Treistman brings this action under 42 U.S.C. §§ 1981, 1983, and 1985(3), alleging that his due process rights were violated in connection with a child custody hearing in Ulster County Family Court. (Compl., Dkt. No. 1.) Specifically, he alleges that defendant Anthony McGinty, the Family Court judge who presided over the custody hearing involving his minor child; defendant Donna Wiener, the court secretary; and various unnamed scheduling clerks who "assist[ed] . . . McGinty during [Treistman]'s [custody proceeding] as to scheduling trial dates" violated his due process rights[1] by allowing the hearing to last

---

[1] Triestman does not specify whether his claims concern his substantive or procedural due process rights (or both). (*See, e.g.*, Compl. ¶¶ 30, 48.)

longer than ninety days.² (*Id.* at 2, 6-8.)  He alleges that this violation was "motivated in part by a discriminatory purpose of gender discrimination." (*Id.* ¶¶ 26, 29, 32, 35, 38, 41, 44.)  Furthermore, he alleges that the "[New York] State Family Court[] [System] permitted the other . . . defendants to operate in a discriminatory motive and fashion, yet did nothing to correct those actions."  (*Id.* ¶ 47.)  Treistman seeks monetary damages as well as injunctive and declaratory relief.³  (*Id.* ¶¶ 58-73.)  Pending is defendants' motion to dismiss.  (Dkt. No. 16.)

## I. <u>Sovereign Immunity</u>

Defendants argue that Treistman's official capacity claims are barred by the Eleventh Amendment.  (Dkt. No. 16, Attach. 3 at 9-11.)

It is well settled that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."  *Kentucky v. Graham*, 473 U.S. 159, 169

---

² Treistman premises his claims on a violation of a New York State regulation.  *See* N.Y. Comp. R. & Regs. tit. 22, § 205.14 ("In any proceeding brought pursuant to section 467, 651 or 652 of the Family Court Act to determine temporary or permanent custody or visitation, once a hearing or trial is commenced, it shall proceed to conclusion within 90 days.").  As alleged, the underlying custody hearing, which commenced on July 31, 2013 and ended on February 1, 2016, was clearly in excess of ninety days.  (Compl. ¶ 12.)  The complaint purports to assert seven counts based on the excessive length of the proceeding; however, that is only because after outlining the aggregate trial duration, (*id.* ¶ 25), Treistman adds a separate count for each "intra-trial" delay exceeding ninety days, (*id.* ¶¶ 28, 31, 34, 37, 40, 43).  It is dubious whether these are separate claims.

³ Treistman does not specify whether his claims are against defendants in their personal or official capacities (or both).

(1985). Because New York has not waived its immunity as to any of the claims alleged and the New York State Family Court is part of the New York State Unified Court System, which is an arm of the state, the claims against it are dismissed. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Gollomp v. Spitzer*, 568 F.3d 355, 365-67 (2d Cir. 2009); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *Robertson v. Allen*, 1:15-cv-11, 2016 WL 205381, at *9 (N.D.N.Y. Jan. 15, 2016); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010); *Jones v. Nat'l Commc'n and Surveillance Networks*, 409 F. Supp. 2d 456, 466-67 (S.D.N.Y. 2006), *aff'd*, 266 F. App'x 31 (2d Cir. 2008). Likewise, Treistman's claims against the remaining defendants in their official capacities as Family Court employees, (Compl. ¶¶ 3-4), are also barred by the Eleventh Amendment. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that . . . a claim is asserted against the state official in his official capacity, he may assert the state's Eleventh Amendment immunity against suit.").[4]

---

[4] Treistman attempts to circumvent this bar by arguing that sovereign immunity is abrogated by Title VI of the Civil Rights Act of 1964. (Dkt. No. 21 at 8-9.) However, Title VI only prohibits discrimination based on "race, color, or national origin," in connection with "any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d; *see Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) ("In order to establish a claim based on [Title VI], the plaintiff must show, *inter alia*, that the defendant discriminated against him on the basis of race[.]"). Because Treistman alleges that the conduct he complains of was "motivated in part by a discriminatory purpose of gender discrimination,"

## II. <u>Absolute Judicial Immunity</u>

The Eleventh Amendment does not bar Treistman's claims against defendants in their individual capacities. *See Ying Jing Gan*, 996 F.2d at 529 ("To the extent that . . . a claim is asserted against [a state official] in his individual capacity, he may assert privileges of absolute or qualified immunity but may not assert immunity under the Eleventh Amendment."). Nonetheless, defendants argue that Judge McGinty and his court clerks are entitled to absolute judicial immunity for the claims against them in their individual capacities. (Dkt. No. 16, Attach. 3 at 7-9.) In response, Treistman argues that neither Judge McGinty nor his court clerks are entitled to judicial immunity, in sum, because "[t]he docketing and scheduling of trial dates was not discretionary, and was constrained by the mandatory statute so as to be scheduled within 90 days of trial commencement." (Dkt. No. 21 at 12-18.)

Judges have absolute immunity from liability for their judicial actions, *see Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009), and are subject to

---

(Compl. ¶ 26), not race, Title VI is inapplicable. Furthermore, Treistman's alternative argument that "New York State has also waived its sovereign immunities for its officials under [Section 8 of] the Court of Claims Act," (Dkt. No. 21 at 9 n.2), is accurate, but misplaced. *See Samuel Adler, Inc., v. Noyes*, 285 N.Y. 34, 35 (1941) ("New York has not consented that any action to recover a sum of money may be brought against it in any of its tribunals other than the Court of Claims.").

liability only for non-judicial actions or judicial actions "taken in the complete absence of all jurisdiction," *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Such an immunity "is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. Thus, it "operates to shield judges acting in their official capacity and bars claims against [judicial] defendants in their individual capacities," *McKnight*, 699 F. Supp. 2d at 523 (internal quotation marks and citations omitted).

> [T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. . . . [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.

*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (footnote, internal quotation marks, and citation omitted).

Treistman argues that absolute judicial immunity is inapplicable here because the family court is one of limited jurisdiction and N.Y. Comp. R. & Regs. tit. 22, § 205.14 removes any discretion from the ministerial act of scheduling proceedings in such a way that exceeds ninety days. (Dkt. No. 21 at 15-17.)

5

Here, it is abundantly clear that Judge McGinty had jurisdiction over the underlying child custody proceedings. *See* N.Y. Fam. Ct. Act § 115. Even if Judge McGinty's conduct in allowing the proceedings to exceed ninety days was motivated by impropriety, as Treistman contends, it does not mean his actions were taken in the complete absence of all jurisdiction. *See Bliven*, 579 F.3d at 209 (holding "allegations of bad faith or malice cannot overcome judicial immunity"). Additionally, any error in extending the custody proceeding beyond ninety days did not affect the court's jurisdiction:

> Where the family court commences a hearing or trial to determine the issue of custody or visitation (whether permanent or temporary), [N.Y. Comp. R. & Regs. tit. 22, § 205.14] requires that the hearing or trial proceed to completion within 90 days. While this administrative rule is most salutary, there is no express provision for enforcement of the rule. If the matter is not completed within 90 days, the court does not lose jurisdiction to decide the matter; indeed, to require the parties to start over again would defeat the very purpose of the rule. Rather, the purpose of the rule would appear to be to give the parties, should the 90-day deadline approach or be exceeded, the opportunity to urge both the assigned judge and the local administrative judge to take steps to assure timely completion of the hearing or trial.

Alan D. Scheinkman, West's McKinney's Forms Matrimonial and Family Law § 20:46 (April 2018) (internal citation omitted). As such, Treistman's claims against Judge McGinty in his individual capacity must fail.

Additionally, judicial immunity extends to non-judges "who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). A clerk's acts that are performed at the direction or under the supervision of a judicial officer come under the ambit of judicial immunity. *See Bliven*, 418 F. Supp. 2d at 138; *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) (finding that court clerks are entitled to absolute immunity where their acts are of a judicial nature). "A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).

Here, the complaint alleges that Weiner and other unnamed clerks "effectuated scheduling of hearing dates" in such a fashion that extended the custody hearing beyond ninety days, in violation of Treistman's due process rights. (Compl. ¶¶ 5, 25.) Treistman's argument that such acts were ministerial in nature, (Dkt. No. 21 at 12-13), is not dispositive: "[e]ven when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, . . . that officer's immunity is also available to the subordinate." *Weprin*, 116 F.3d

at 67 (internal quotation marks and citation omitted). Accordingly, defendant court clerks are entitled to absolute immunity for their actions in controlling the court's docket, and the claims against them in their individual capacities are dismissed.

### III. <u>Declaratory and Injunctive Relief</u>

Notwithstanding the foregoing, Treistman contends that he is not barred from seeking declaratory or injunctive relief because "the complaint alleges an ongoing . . . violation of [a] mandatory statute, leading to [a] continuing federal due process violation." (Dkt. No. 21 at 9 (citing Compl. ¶¶ 63, 65, 70-73).)

Indeed, if a complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," then injunctive or declaratory relief is not foreclosed by immunity. *See Li v. Lorenzo*, 712 F. App'x. 21, 23-24 (2d Cir. 2017) (internal quotation marks and citations omitted) (collecting cases). However, Treistman concedes that the underlying child custody hearing "has ended with a dispositive decision." (Dkt. No. 21 at 5.) Treistman's alleged injuries stem from past conduct. (*See generally* Compl.) His speculative assertion that he "can re-petition for a similar type trial at any time, and he will face the same statutory

8

violations with similar illegal delays," (*id.* ¶ 73), fails to convince the court that there is a plausible threat of future violations. The relief Treistman seeks is therefore entirely retrospective. *See Lorenzo*, 712 F. App'x. at 23-24. Accordingly, Treistman does not have standing to seek an injunction because there is nothing to enjoin. Likewise, Treistman is not entitled to declaratory relief because he alleges only past conduct and no ongoing or impending violation of federal law. *See Shtrauch v. Dowd*, 651 F. App'x 72, 74 (2d Cir. 2016). Even if a declaration stating that defendants violated the subject state regulation is arguably prospective in nature, the Eleventh Amendment would bar the district court from issuing it. *See Brown v. New York*, 975 F. Supp. 2d 209, 226 (N.D.N.Y. 2013) (finding that the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past" and collecting cases) (internal quotation marks and citations omitted).[5] Accordingly, Treistman's claims are not saved by the fact that he seeks injunctive or declaratory relief.

---

[5] As for Treistman's claims against defendants in their individual capacities, claims for prospective relief against a state officer may be asserted only against the officer in his or her official capacity. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997) ("[T]o permit a federal-court action to proceed in every case where prospective declaratory and injunctive relief is sought against an officer, named in his individual capacity, would be to adhere to an empty formalism and to undermine the principle . . . that Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction. The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading.")

## IV. <u>Leave to Amend</u>

Finally, defendants argue that, in light of the substantive defects discussed above, granting Treistman leave to amend would be futile. (Dkt. No. 16, Attach. 3 at 14.) It should be noted that Treistman does not seek leave to file an amended complaint. (Dkt. No. 21.) However, given his *pro se* status, the court will consider whether to permit amendment in an abundance of caution. Ordinarily, a court should not dismiss a suit filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [the plaintiff]'s causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, permitting Treistman an opportunity to amend would be futile because the deficiencies identified above are substantive in nature, and better pleading could not cure them. As such, the court declines to grant Treistman leave to amend his complaint.[6]

---

[6] Given the dispositive nature of the applicable immunities discussed above, the court need not address defendant's remaining arguments related to Treistman's failure to state a claim, (Dkt. No. 16, Attach. 3 at 11-13), which may have provided alternative avenues for dismissal.

Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 27, 2018
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge