**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BEN GARY TREISTMAN,**

                     **Plaintiff,**

                     **v.**

**ANTHONY MCGINTY et al.,**

                     **Defendants.**
_____

**1:16-cv-1403
(GLS/CFH)**

## ORDER

Plaintiff *pro se* Ben Gary Treistman brought this action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3), alleging that his due process rights were violated in connection with a child custody hearing in Ulster County Family Court. (*See generally* Compl., Dkt. No. 1.) On August 27, 2018, the court dismissed the action in its entirety without leave to amend because the complaint suffered from substantive defects that better pleading could not cure. (Dkt. No 22 at 10-11.) Pending is Treistman's motion for reconsideration. (Dkt. No. 24.)

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *Clookey v. Citibank, N.A.*, 8:14-cv-1318, 2016 WL 3365438, at *1 (N.D.N.Y. June 16, 2016) (internal quotation

marks and citation omitted). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted); *see Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012). "The prevailing rule recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Clookey*, 2016 WL 3365438, at *1 (internal quotation marks and citation omitted); *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

Treistman contends that his motion for reconsideration is "based upon new evidence or circumstances not available for consideration prior to the instant order of dismissal." (Dkt. No. 24 at 1.) Specifically, Treistman asserts that "on January 10, 2018, the same family court case was re-opened," and thus "the family court case is indeed not definitively closed, is currently ongoing, not speculative, and presents the same

2

impending violation of federal law cited in the complaint." (*Id.* at 2.)

However, as the circumstances giving rise to his motion were known to him more than seven months before the issuance of the Summary Order he now asks the court to reconsider, Treistman fails to present new evidence that was not previously available to him. *See Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.,* No. 14 Civ. 9494, 2015 WL 9480080, at *2 (S.D.N.Y. Dec. 22, 2015) ("'New evidence' is evidence that existed at the time of the motion, but was unavailable to the movant when the [c]ourt made its previous ruling and could not have been found by due diligence.") (internal citations omitted). Consequently, Treistman's motion for reconsideration is denied.[1]  *See Shrader*, 70 F.3d at 257; *Clookey*, 2016 WL 3365438, at *1.

Accordingly, it is hereby

**ORDERED** that Treistman's motion for reconsideration (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

---

[1] Treistman also requests leave to amend his complaint, (Dkt. No. 24 at 4), which is denied. *See In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010) ("The filing of an amended complaint is not permissible once a judgment is entered unless the judgment is set aside or vacated.").

**IT IS SO ORDERED.**

April 24, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge